# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

__JERRY WAYMAN Timothy Bigham__   **ORDER OF DETENTION PENDING TRIAL**
*Defendant*   Case Number: __14-30514__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__10/17/2014__          __/s/ Mona K. Majzoub__
*Date*          *Signature of Judge*

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Jerry Wayman Timothy Bigham Order of Detention

This is a presumption case. Defendant is charged in a criminal complaint with Possession of a firearm by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year; Possession of a firearm in furtherance of a crime of violence or a drug trafficking crime; Possession with intent to distribute marijuana.

Defendant is a 40 year old divorced father of one adult child and seven minor children. He has at least eight siblings. He reported to Pretrial Services that he resides with his mother at the Creekside address in Ypsilanti. He was unable to provide any contact information for any of his family members.

The facts allege that on August 2, 2014 Defendant was driving a 1998 Lexus registered to his mother, Odell Hamilton, and was stopped by Officer Peterson of the Ypsilanti Police Department for suspected traffic violations. Officer Peterson ordered Defendant to step out of the vehicle, and Defendant failed to comply. Officer Peterson repeated her request two more times, and the Defendant then fled in his vehicle. He was pursued by Officer Peterson in her vehicle, but terminated her pursuit because Defendant lead her through residential neighborhoods where a high speed chase would present a potential danger to the community.

While in pursuit, Defendant was observed by Officer Peterson throwing a bag out of his car window. Officer Peterson retrieved the bag which was found to contain 120.99 grams of marijuana, along with an orange lunch bag containing 44 empty plastic sandwich bags. On the ground next to the bag that was recovered was a digital scale, an item commonly used by narcotics traffickers.

Odell Hamilton was contacted by Officer Peterson and stated that her son, the Defendant, had borrowed her car earlier in the day and that she had not heard from her son since then.

Officers of the Ypsilanti Police Department investigated and determined that on March 24, 2014 Defendant was arrested with two large ziplock baggies of suspected marijuana, a digital scale, several empty clear plastic sandwich baggies, and $870 in U.S. currency.

On August 8, 2014 Ypsilanti Police observe a black Lexus automobile parked at 1073 Levona Street in Ypsilanti, and the car appeared to be the same car that Defendant drove while fleeing from Officer Peterson six days earlier. A trash pull was conducted at the Levona residence on that date, and the officers seized one trash bag which contained a plastic grocery bag and a clear ziplock baggie, both of which tested positive for marijuana.

A search warrant was then sought and executed on August 9, 2014 at the Levona address. Among the items seized were a Taurus Model 445, .44 caliber revolver, serial number QG545972; 13 rounds of .44 caliber ammunition, United States currency, and approximately 344 grams of suspected marijuana in a gallon size freezer bag in the freezer. The gun and the ammo were found in a dresser drawer in a bedroom on the southwest side of the house. The room contained male clothing, and mail, receipts and bills addressed to Defendant, including a ticket. The revolver was determined to have been stolen.

Defendant has a significant criminal history, spanning 25 years, beginning at age 15. He has four convictions for fleeing from law enforcement, in addition to the allegations of flight in the instant charges. He has no less than eight drug convictions, multiple probation violations, probation enhancements, assault charges, breaking and entering, and multiple traffic violations. Significantly, Defendant is currently serving two probation sentences, and come to this Court requesting a bond.

Pretrial Services has interviewed the Defendant and concludes that he poses both a risk of flight and a danger to the community and recommends detention. This Court finds that there is clear and convincing evidence that Defendant poses a danger to the community: the nature of the instant charges, his history of pretrial, probation, parole or supervised release status and compliance, criminal activity while under supervision, and a pattern of similar criminal activity history. This Court also finds that a preponderance of the evidence establishes Defendant to be a flight risk: Defendant's conduct during his arrest for the instant offense (fleeing); a criminal history that includes four convictions for fleeing from the authorities, criminal activity while under supervision, and pretrial, probation, parole or supervised release status and compliance.

Upon reviewing and analyzing the factors under 18 USC 3142 this Court finds that Defendant is not a candidate for bond, and has no assurance that this Defendant would follow orders of this Court or conditions of bond.

The presumption of detention has not been sufficiently rebutted.

There is no condition or combination of conditions which would assure Defendant's appearance in court or the safety of the community. Detention is therefore Ordered.